FRANK LAKE et al.

*v.*

JOSEPHINE T. WEAVER et al.

[Decided June 23d, 1910.]

Evidence examined under issues raised by the cross-bills, and relief decreed in favor of cross-complainants upon principles already made the law of the case in the earlier stages of the litigation.

Heard on cross-bills, answers thereto, replications and proofs in open court.

*Mr. John J. Crandall,* for the complainants.

*Messrs. Melosh & Morten* and *Mr. Gilbert Collins,* for the defendants.

GARRISON, V. C.

The right of the complainants to affirmative relief having been denied, and the bill having been dismissed in accordance with the directions of the court of errors and appeals (*Lake* v. *Weaver,* 76 *N. J. Eq. (6 Buch.) 280*), and that court having directed this court to proceed to hear the issues raised by the cross-bills, they will now be disposed of.

Dealing first with the cross-bill of Josephine T. Weaver, I find that she is entitled to a decree against the complainants thereon by which decree it will be determined that she has the right to hold the deed in question as a mortgage for the sums of money which it may be found that she had advanced to her son, Theodore S. Weaver, the grantor in the deed.

In her answer she sets out, in the fourteenth paragraph thereof, that she had an accounting with her son for the moneys that she had advanced him, and that, as a result thereof, he conveyed this property to her; and in the cross-bill she reaffirms this position

and claims that in any accounting to the complainants for the moneys which she now holds as trustee as aforesaid, she is entitled to charge against the complainants all moneys advanced by her to the said Theodore S. Weaver as aforesaid.

In both the answer and the cross-bill she sets up that this conveyance to her for moneys advanced by her to Theodore was for the benefit of her daughter and Theodore's sister, Ella Etta. I do not find that this is sustained by the proofs. The facts have been fully set forth by me in previous opinions which are reported.

While Josephine T. Weaver does not in her cross-bill pray that the deed in question may be established by this court, she avers the facts above referred to by me, and charges that she is entitled to hold the deed for the repayment of these moneys to her, and has a prayer for general relief of the nature to which she may be entitled.

The relief to which I find that she is entitled is to have this deed established in equity, to be held by her as if it were a mortgage. The particular facts which lead me to this conclusion, and the amount for which I find she may hold the same, are set forth in a previous opinion by me which will be found reported in *Lake* v. *Weaver, 70 Atl. Rep. 81.*

I shall, therefore, upon the cross-bill of Josephine T. Weaver, advise a decree in accordance with those views.

With respect to the cross-bill of Ella Etta Smith and husband, I find, as I have above stated, that they are not entitled to a decree as against the complainants, since I do not find that the deed in question was, by the proofs, shown to have been given to Josephine T. Weaver for the benefit of Ella Etta Smith, which is the contention of their cross-bill.

The cross-bill of these last-named defendants is also against Josephine T. Weaver, their co-defendant, and I find that the latter has agreed to permit this cross-bill to be taken as confessed as against her. The defendants Ella Etta Smith and her husband will, therefore, be entitled to whatever relief they should have as against Josephine T. Weaver upon their cross-bill against her, as to which I will hear counsel at the time of settling the final decree.